## UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

| | |
|---|---|
| DANIEL SUBKOFF, individually and on behalf of all others similarly situated,<br>　　　Plaintiff, | Civil Action No. _____ |
| v. | **CLASS ACTION COMPLAINT** |
| THE WESTERN UNION COMPANY, a Delaware Corporation headquartered in Colorado; WESTERN UNION FINANCIAL SERVICES, INC., A Delaware Corporation headquartered in Colorado, | **DEMAND FOR JURY TRIAL** |
| 　　　Defendants. | |

Plaintiff DANIEL SUBKOFF ("Plaintiff"), individually and on behalf of all others similarly situated, alleges against Defendants THE WESTERN UNION Company and WESTERN UNION FINANCIAL SERVICES, INC. (jointly referred to herein as "WESTERN UNION"), and each of them, as follows:

## I.

## NATURE OF THE ACTION

1.　This case stems from WESTERN UNION's long-running business practice of accepting money deposited by customers for the specific purpose of

transferring that money to an identified recipient and then holding onto the money for many, many, many years when the money is not transferred to the recipient. During the time WESTERN UNION holds its customer's money it categorizes the funds as "Settlement assets" and uses that money to earn interest and/or make investments for its own financial benefit and gain.

2.     Moreover, WESTERN UNION does not inform the customer that it is using the customer's untransferred money to earn interest and/or make investments for its own financial gain and benefit, and that when, and if, WESTERN UNION ever returns the money to the customer, WESTERN UNION will not pay the customer any of the interest it earned and/or the financial gains it realized on the money it has been holding and investing.

3.     WESTERN UNION benefits financially by holding and using the customer's money to make money for itself while the customer comes out of the transaction worse off financially because they have been deprived of the use and benefit of their money, money which belongs to the customer since it was never transferred by WESTERN UNION. It's a win-win for WESTERN UNION and a lose-lose for the customer

4.     WESTERN UNION acknowledges in its publicly filed financial statements this unfair and deceptive business practice, that it converts the customer's untransferred money to its own use and benefit, and that it is unjustly enriched by use of the customer's money without permission, consent or authorization by the customer. In its 10K filings with the U.S. Securities and Exchange Commission (SEC), WESTERN UNION states, "In many cases, we receive funds from money transfers and certain other payment services before we settle the payment of those transactions. These funds, referred to as Settlement assets on our Consolidated

Balance Sheets, are not used to support our operations. However, we earn income from investing these funds. We maintain a portion of these settlement assets in highly liquid investments, classified as Cash and cash equivalents within Settlement assets, to fund settlement obligations."[1]  In the year ended December 31, 2020, WESTERN UNION held Consumer Money Transfers Settlement assets of $87,000,000.  In the year ended December 31, 2021, WESTERN UNION held Consumer Money Transfers Settlement assets of $73,100,000, and in the year ended December 31, 2022, WESTERN UNION held Consumer Money Transfers Settlement assets of $132,800,000.  See, fn. 1 at pp.  84-85

5.     This is a putative class action brought by Plaintiff individually and on behalf of a nationwide class, as defined more fully herein, of all persons wherever located in the United States who, between November 2015 and the date of trial, deposited money with WESTERN UNION for the specific purpose of transferring the money to an identified recipient, whose money  was not transferred to the identified recipient , whose money was kept and used by WESTERN UNION for its own financial gain and benefit, , and to whom  and WESTERN UNION did not pay any interest earned for the period of time (often many, many years) it held onto the customer's money all while earning interest and/or reaping financial returns from investments made using customers' money.

6.     As alleged herein, Plaintiff seeks damages, restitution, disgorgement of ill-gotten gains, and equitable and injunctive relief on behalf of himself and all other WESTERN UNION customers wherever located in the United States.

---

[1]  See, https://www.sec.gov/ixviewer/ix.html?doc=/Archives/edgar/data/0001365135/000095017023004146/wu-20221231.htm#

---

## II.

## JURISDICTION AND VENUE

7.     This Court has subject-matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §1332(a)(1), based on the diversity of citizenship between Plaintiff and WESTERN UNION, 28 U.S.C. §1332(d)(2)(A), insofar as the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which the members of the class of Plaintiffs are citizens of states different from Defendant WESTERN UNION which has its principal place of business and corporate nerve center in Colorado.

8.     This District is the proper venue for adjudication of the claims asserted herein insofar as Defendants and each of them has its principal place of business in this District.  See, 28 U.S.C. § 1391(a)(1).

## III.

## PARTIES

9.     Plaintiff DANIEL SUBKOFF ("Plaintiff") is a natural person and resident of New York, New York. Plaintiff is a member of the class of WESTERN UNION customers defined herein (the "Class").

10.     Defendant The WESTERN UNION Company is a Delaware corporation with its principal place of business in Denver, Colorado.

11.     Defendant WESTERN UNION FINANCIAL SERVICES, INC., ("WESTERN UNION FINANCIAL SERVICES ") is a Delaware corporation with its principal place of business in Denver, Colorado.  Defendant WESTERN UNION FINANCIAL SERVICES is believed to be a separately incorporated legal entity although a wholly owned subsidiary of its Co-Defendant THE WESTERN UNION COMPANY.

---

*Daniel Subkoff, et al. v. The Western Union Company, et al.*
COMPLAINT                                      4

# IV.

## FACTUAL BACKGROUND

12.     On or about November 18, 2015, Plaintiff deposited Four Hundred US Dollars (US$400) with WESTERN UNION for transfer to an identified recipient.  On or about February 26, 2021, Plaintiff received a letter from WESTERN UNION stating that his money was never transferred to the identified recipient and WESTERN UNION has been holding Plaintiff's money ever since.   WESTERN UNION advised Plaintiff for the first time that unless he requested return of his money from WESTERN UNION the money would be sent to the State's Treasurer Office as unclaimed property which belongs to Plaintiff.  .

13.     Attached hereto as Exhibit "1" and incorporated herein is a copy of the letter sent to Plaintiff.

14.     Plaintiff requested WESTERN UNION return his money.  On or about July 26, 2021, Plaintiff received a check from WESTERN UNION in the amount of $370.00, which was $30.00 less than the amount Plaintiff deposited with WESTERN UNION, and which did not include payment of any interest on the $400 principal amount which Plaintiff had originally deposited with WESTERN UNION in 2015, and which WESTERN UNION had made use and financial benefit of for more than five (5) years.

# V.

## CLASS ACTION ALLEGATIONS

15.     *Class Definition*. Plaintiff brings this action individually and on behalf of the following class and/or sub-classes of similarly situated persons (the "Class") wherever located in the United States:

---

Nationwide Damages/Restitution/Disgorgement Class:

All persons or entities wherever they reside in the United States who deposited money with WESTERN UNION and whose money was not transferred and who were not paid any interest upon return of the money;

All persons or entities wherever they reside in the United States whose money WESTERN UNION used to invest for its own personal benefit and financial gain;

All persons or entities wherever they reside in the United States who deposited money with WESTERN UNION's money transfer services and whose money was not transferred, and whose money WESTERN UNION converted to its own use and benefit;

Rule 23 (b)(3) Sub-Class Injunctive Sub-Class

All persons or entities wherever they reside in the United States who deposited money with WESTERN UNION's money transfer services and whose money was not transferred, and whose money WESTERN UNION converted to its own use for investments and/or which WESTERN UNION used for its own financial gain;

16.     Excluded from the Class(es) and Sub-Class(es) are WESTERN UNION, WESTERN UNION FINANCIAL SERVICES and any of its officers, directors and/or employees, the presiding judge, and any member of their immediate families. Plaintiff hereby reserves the right to amend the above class definitions based on discovery and the proofs at trial.

17.     *Numerosity*. The members of the Class are so numerous that joinder of all members would be unfeasible and impractical. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, based on information and belief, Plaintiff alleges there are tens of thousands, if not hundreds of thousands, of putative class members with claims identical to those of Plaintiff. For example, WESTERN UNION has reported to the Securities and Exchange Commission (SEC) that it has possession tens of

millions of dollars of customer money in any given year. See, ¶4 as herein alleged. The identity of such membership is readily ascertainable by inspection of WESTERN UNION's records. Likewise, the likelihood of individual members of the Class prosecuting separate individual actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive and equitable relief at issue for each individual Class member. For example, Plaintiff deposited $400.00 with WESTERN UNION, as herein alleged.

18.     Moreover, prosecution of separate actions by members of the Class in different venues before different courts would create a risk of inconsistent, incompatible, or contradictory rulings on issues of fact and/or law as it relates to WESTERN UNION's business practice, conduct and actions as herein alleged.

19.     *Commonality*. There are questions of law or fact common to the Class including, *inter alia*, the following:

   a.     Whether WESTERN UNION converted customers' money to its own use and financial benefit to the detriment of those customers by depriving those customers of the use and benefit of their money;

   b.     Whether WESTERN UNION was unjustly enriched when it retained possession of customers' money and used that money for its own financial benefit ;

   c.     Whether WESTERN UNION engaged in an unfair, unlawful, fraudulent business practice;

   d.     Whether Plaintiff and Class members have been damaged by WESTERN UNION's conduct and, if so, what is the proper

measure and amount of such damages.

20.     *Typicality*. The claims or defenses of Plaintiff are typical of the claims of the Class, alleged herein. Plaintiff, the same as each and every member of the Class, deposited money with WESTERN UNION  that was to be transferred by WESTERN UNION to the identified recipient.  When WESTERN UNION did not transfer the money as directed, WESTERN UNION held that money in its possession and made financial investments with the money.  When WESTERN UNION notified Plaintiff, and each and every member of the Class, that the money was still in WESTERN UNION's possession, it returned that money without paying any interest on the money and charged Plaintiff, and each and every member of the Class, a fee for returning the money to the financial detriment of Plaintiff and each and every member of the Class.

21.     *Adequacy*. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are competent and experienced in the prosecution of complex class action litigation. The interests of the Plaintiff and his counsel are aligned with, and not antagonistic to, those of the Class.

22.     *Fed. R. Civ. P. 23(b)(2) Requirements*. The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. Civ. P. 23(b)(2) exist as WESTERN UNION has engaged in the actions and conduct detrimental to Plaintiff and all members of the class, as herein alleged, and WESTERN UNION continues to engage in the actions as alleged, and will engage in the actions as allege in the future unless enjoined.  Injunctive relief is appropriate because Plaintiff expects to continue to utilize the money transfer services of WESTERN UNION in the future and thus has standing to request injunctive relief as herein prayed.

23.    *Fed. R. Civ. P. 23(b)(3) Requirements*. This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy.

24.    *Numerosity.*    Without having the benefit of discovery, based on information and belief, Plaintiff alleges there are tens of thousands, if not hundreds of thousands, of putative class members with claims identical to those of Plaintiff. For example, WESTERN UNION has reported to the Securities and Exchange Commission (SEC) that it has possession tens of millions of dollars of customer money in any given year. See, ¶4 as herein alleged.   The likelihood of individual members of the Class prosecutingseparate individual actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive and equitable relief at issue for each individual Class member.

25.    The prosecution of separate actions by members of the Class would create a risk of establishing potentially inconsistent, incompatible, or contradictory rulings on issues of fact and/or law as it relates to WESTERN UNION's conduct as herein alleged.

26.    This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class.

## VI.

### <u>FIRST CAUSE OF ACTION</u>
#### (Conversion)

27.    Plaintiff repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

28.    Plaintiff brings this cause of action for conversion for himself and on behalf of a nationwide class of all others similarly situated wherever they reside in the United States.  Plaintiff alleges that each state of the United States recognizes the common law tort of conversion.

29.    As herein alleged, Plaintiff and Class members deposited money with WESTERN UNION for the singular purpose of having WESTERN UNION transfer that money to the intended recipient(s).  At no time did Plaintiff or any Class member give ownership of the money to WESTERN UNION.  At all times ownership and rightful use and possession of the money deposited by Plaintiff and all other Class members with WESTERN UNION remained with Plaintiff and the Class members. WESTERN UNION acknowledges Plaintiff's and all other Class members' ownership and rightful possession of the money when it informs them by letter (often times many, many, many years later), "[i]f no response is received in writing to the above address by [X] date, the law requires us [WESTERN UNION] to remit this property to the State's Treasurer's Office as unclaimed property."  See, Exhibit 1, attached hereto and incorporated herein by this reference.

30.    At no time did Plaintiff or any Class member consent or authorize WESTERN UNION to use their money (Plaintiff's and Class members' money) to earn interest for itself and/or to invest or otherwise use and convert their money to WESTERN UNION's use and financial benefit.  As such, WESTERN UNION's use of Plaintiff's and all other Class members' money was at all times unauthorized.

31.    Defendant WESTERN UNION kept and retained wrongful possession and use of Plaintiff's and all Class members' money and exercised dominion and control over that money and made use of that money for its own personal and

financial benefit to the detriment of Plaintiff and all other Class members. By engaging in the aforementioned conduct, WESTERN UNION deprived Plaintiff and the Class members of their rightful ownership, possession and/or use of their own money.

32.    As a direct and proximate result of WESTERN UNION's conduct of converting Plaintiff's and the Class members' money, as herein alleged, Plaintiff and the Class have suffered harm, injury and/or damages in that they lost the use and/or benefit of their money while it remained with WESTERN UNION including but not limited to lost interest that would otherwise have been earned by Plaintiff and the Class all in an amount according to proof at trial.

33.    At all times WESTERN UNION by and through it's actual knowledge, or in the exercise of reasonable care should have known, based upon, among other things its having been sued and settled the *Tennille* class action[2] that its conduct of keeping possession of, and making use of Plaintiff's and the Class's money by earning interest and/or making investments for its own financial gain and benefit was unlawful and/or otherwise in violation of Plaintiff's and the Class members' rights to ownership, possession and/or use of their own money.

34.    Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of

---

[2]  See, *Tennille, et al. v. The Western Union Company*, Case No. 1:09-cv-00938-JLK-KMT, United States District Court for the District of Colorado.  Among other findings, when approving a common fund settlement of $133 million, Judge Kane found there were common questions of law and fact "whether Western Union converted the unclaimed money transfer funds by earning interest on said funds while those funds were held by Western Union in its accounts, without paying the earned interest to Plaintiffs."  See, Dkt. 175, pg. 3, ¶5(b).

converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry. Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged. See, fn. 1, *supra*.

## VII.

## **SECOND CAUSE OF ACTION**

### **(Unjust Enrichment)**

35.     Plaintiff repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

36.     In February 2021, more than five (5) years after accepting Plaintiff's deposit of money for transfer to an identified recipient, WESTERN UNION notified Plaintiff via a letter that his money would be forfeited if he did not request the return of his money within a specified time period. Prior to receiving the letter, WESTERN

UNION never previously informed Plaintiff the money was not transferred to the identified recipient.

37. As herein alleged, Plaintiff and Class members deposited money with WESTERN UNION for the singular purpose of having WESTERN UNION transfer that money to the intended recipient(s). At no time did Plaintiff or any Class member give ownership of the money to WESTERN UNION. At all times ownership and rightful use and possession of the money deposited by Plaintiff and all other Class members with WESTERN UNION remained with Plaintiff and the Class members. WESTERN UNION acknowledges Plaintiff's and all other Class members' ownership and rightful possession of the money when it informs them by letter (often times many, many, many years later), "[i]f no response is received in writing to the above address by [X] date, the law requires us [WESTERN UNION] to remit this property to the State's Treasurer's Office as unclaimed property." See, Exhibit 1, attached hereto and incorporated herein by this reference.

38. At no time did Plaintiff or any Class member consent or authorize WESTERN UNION to use their money (Plaintiff's and Class members' money) to earn interest for itself and/or to invest or otherwise use and convert their money to WESTERN UNION's use and financial benefit. As such, WESTERN UNION's use of Plaintiff's and all other Class members' money was at all times unauthorized.

39. Defendant WESTERN UNION kept and retained wrongful possession and use of Plaintiff's and all Class members' money and exercised dominion and control over that money and made use of that money for its own personal and financial benefit to the detriment of Plaintiff and all other Class members. By engaging in the aforementioned conduct, WESTERN UNION deprived Plaintiff and the Class members of their rightful ownership, possession and/or use of their own

money.

40.     WESTERN UNION has been unjustly enriched by enjoying the benefits of Plaintiff's and the Class's monies, including utilizing the funds to generate income for itself for nearly five years.

41.     Under the circumstances, it is inequitable for WESTERN UNION to retain these benefits at the expense of Plaintiff and the Class.

42.     Such conduct sounds in equity under the common law of unjust enrichment, or money had and received, and constructive trust.

43.     There is no contractual provision between Plaintiff and the Class members on the one hand, and WESTERN UNION on the other, governing WESTERN UNION's unjust enrichment by its use of Plaintiff's and the Class members' money for its own financial benefit and gain.

44.     As a direct and proximate result of the above-described breach, Plaintiff and the Class have been damaged.

45.     As a direct and proximate result of WESTERN UNION's conduct of converting Plaintiff's and the Class members' money, as herein alleged, Plaintiff and the Class have suffered harm, injury and/or damages in that they lost the use and/or benefit of their money while it remained with WESTERN UNION including but not limited to lost interest that would otherwise have been earned by Plaintiff and the Class all in an amount according to proof at trial.

46.     At all times WESTERN UNION by and through it's actual knowledge, or in the exercise of reasonable care should have known, based upon, among other things its having been sued and settled the *Tennille* class action as herein alleged (see, fn. 2, *supra*), that its conduct of keeping possession of, and making use of Plaintiff's and the Class's money by earning interest and/or making investments for its own

financial gain and benefit was unlawful and/or otherwise in violation of Plaintiff's and the Class members' rights to ownership, possession and/or use of their own money.

47.     Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry.   Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra*.

/ / /

/ / /

/ / /

## VIII.

### THIRD CAUSE OF ACTION
### (Violation of Colorado Consumer Protection Act)
### [Colo. Rev. Stat. § 6-1-105 *et seq.*]

48.     Plaintiff repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

49.     At all times hereto, there was in full force and effect the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-105 *et seq.* ("the Colorado Act").

50.     Plaintiff and all other Class members are consumers within the meaning of the Colorado Act given that WESTERN UNION's business activities involve trade or commerce, are addressed to the market generally and otherwise implicate consumer protection concerns.

51.     The Colorado Act renders unlawful the use or employment of any deception [including the] concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact ... in the conduct of any trade or commerce.  See, Colo. Rev. Stat. § 6-1-105, sub. nnn.

52.     Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

53.     WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to the fact that should the money deposited by customers with

*Daniel Subkoff, et al. v. The Western Union Company, et al.*
COMPLAINT                                          16

WESTERN UNION not be transferred to the intended recipient  WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

54.     This conduct constitutes consumer fraud within the meaning of the various consumer protection statutes.

55.     If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service. .

56.     WESTERN UNION's conduct alleged herein is furthermore unfair insofar as it offends public policy; is so oppressive that the consumer has little alternative but to submit; and causes consumers substantial injury.

57.     The omission of a material fact, such as that alleged here, impacts the public as actual or potential consumers of WESTERN UNION's services. All other consumers of WESTERN UNION's services are affected the same as the Plaintiff if their money is not transferred BY WESTERN UNION to the intended recipient and WESTERN UNION retains possession of and makes use of the money for itself.

58.     As a direct and proximate result of the above-described breach, Plaintiff and the Class members have been damaged.

59.     Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of

converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra*.

60.     Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

61.     Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

/ / /

/ / /

/ / /

---

*Daniel Subkoff, et al. v. The Western Union Company, et al.*
COMPLAINT                                    18

## IX.

### FOURTH CAUSE OF ACTION
### (Violation of New York Deceptive Practices Act)
### [New York General Business Law §349]

62.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

63.     Plaintiff and other Class members are persons within the meaning of New York General Business Law ("GBL") §349(h).  Defendant engaged in business, trade or commerce within the meaning of GBL §349(a).

64.     GBL §349(a) declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York State]."

65.     As described herein, WESTERN UNION engaged in consumer-oriented conduct in the State of New York which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

66.     Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under New York law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members.

---

67.     Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

68.     WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

69.     If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

70.     Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having

used their money for this purpose.

71.     Defendant willfully, purposely, knowingly, and/or intentionally violated GBL §349, by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

72.     The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

73.     Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN

UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged. See, fn. 1, *supra.*

74. Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

75. Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## X.

### FIFTH CAUSE OF ACTION
### (Violation of California Unfair Competition Law ("UCL")
### [Cal. Bus. & Prof. Code §17200, *et seq.*]

76. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

77. Plaintiff and other class members are persons within the meaning of the UCL. Defendant engaged in business, trade or commerce within the meaning of the UCL.

78. The UCL declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

79. As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

80. Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the

customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

81.     Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

82.     WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

83.     If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer

service.

84.     Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

85.     Defendant willfully, purposely, knowingly, and/or intentionally violated the UCL , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

86.     The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

87.     Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers,

directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra.*

88.     Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute, including but not limited to California Code of Civil Procedure §1021.5.

89.     Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XI.

## SIXTH CAUSE OF ACTION

### (Violation of Connecticut Unfair Trade Practices Act ["CUTPA"]) [Conn. Gen. Stat.§42-110a, *et seq.*]

90.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

91.     Plaintiff and other class members are persons within the meaning of the CUTPA.  Defendant engaged in business, trade or commerce within the meaning of the CUTPA.

92.     The CUTPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

---

93.     As described herein, WESTERN UNION engaged in consumer-oriented
conduct which was directed at the consuming public in that WESTERN UNION
accepted deposits of money from customers for the purpose of transferring that
money to an identified recipient.

94.     Plaintiff alleges WESTERN UNION engaged in unfair methods of
competition, unconscionable acts or practices, and unfair or deceptive practices in the
conduct of trade or commerce under State law by retaining possession of the
customers' money after it was not transferred to the intended recipient and
WESTERN UNION uses that money for its own financial benefit by earning interest
on the money and/or using the customers' money to make investments upon which
it received financial gains and benefits without paying to customers any of the earned
interest and/or financial gains realized by WESTERN UNION and concealing this
business practice from its customers, including Plaintiff and all Class members

95.     Nowhere before or after customers deposit money with WESTERN
UNION for the sole purpose of transferring that money to the intended recipient does
WESTERN UNION inform, advise, tell, or otherwise let the consumer know that
money that is not transferred to the intended recipient will be used by WESTERN
UNION for its own financial gain and benefit.

96.     WESTERN UNION intended Plaintiffs and the Class members would
rely on the concealment of this material fact and this deception by purchasing
WESTERN UNION's money transfer services unaware of the material facts including
but not limited to that should the money deposited by customers with WESTERN
UNION not be transferred to the intended recipient WESTERN UNION would make
use of that money for its own financial benefit by earning interest and/or earning
returns on investments made using its customers' money which WESTERN UNION

would keep for itself.

97.    If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

98.    Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

99.    Defendant willfully, purposely, knowingly, and/or intentionally violated the CUTPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

100.   The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

101.   Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights

of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra.*

102.    Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

103.    Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

### XII.

### SEVENTH CAUSE OF ACTION

### (Violation of Delaware Prohibited Trade Practices Act ["DPTPA"]) [Delaware Code Ann., tit. 6, §2501, *et seq.*]

104.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

105. Plaintiff and other class members are persons within the meaning of the DPTPA. Defendant engaged in business, trade or commerce within the meaning of the DPTPA.

106. The DPTPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

107. As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

108. Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

109. Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

---

110.    WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

111.    If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

112.    Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

113.    Defendant willfully, purposely, knowingly, and/or intentionally violated the DPTPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

114.   The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

115.   Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra.*

116.   Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

---

117.   Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XIII.

## EIGHTH CAUSE OF ACTION

**(Violation of District of Columbia Consumer Protection Act ["DCCPA"])
[D.C. Code §28-3904, *et seq.*]**

118.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

119.   Plaintiff and other class members are persons within the meaning of the DCCPA.  Defendant engaged in business, trade or commerce within the meaning of the DCCPA.

120.   The DCCPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the District of Columbia.

121.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

122.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned

interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

123. Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

124. WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

125. If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

126. Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in

that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

127.    Defendant willfully, purposely, knowingly, and/or intentionally violated the DCCPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

128.    The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

129.    Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal

Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged. See, fn. 1, *supra.*

130. Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

131. Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XIV.

## NINTH CAUSE OF ACTION

### (Violation of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")) [Fla. Stat. §501.201, *et seq.*]

132. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

133. Plaintiff and other class members are persons within the meaning of the FDUTPA. Defendant engaged in business, trade or commerce within the meaning of the FDUTPA.

134. The FDUPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the District of Columbia.

135. As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

136.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

137.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

138.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

139.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would

have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

140.    Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

141.    Defendant willfully, purposely, knowingly, and/or intentionally violated the FDUTPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

142.    The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

143.    Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct

and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute. Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged. See, fn. 1, *supra*.

144.   Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

145.   Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XV.

## TENTH CAUSE OF ACTION

### (Violation of Hawaii Uniform Deceptive Trade Practices Act ["UDTPA"]) [Haw. Rev. Stat.§481A-1, *et seq.*]

146.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

147.   Plaintiff and other class members are persons within the meaning of the UDTPA. Defendant engaged in business, trade or commerce within the meaning of the UDTPA.

148.   The UDTPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

149.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

150.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

151.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

152.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN

UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

153.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

154.   Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

155.   Defendant willfully, purposely, knowingly, and/or intentionally violated the UDTPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

156.   The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

157.    Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra.*

158.    Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

159.    Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

---

# XVI.

## ELEVENTH CAUSE OF ACTION

### (Violation of Illinois Consumer Fraud and Deceptive Business Practices Act ["CFDBPA"]) [Ill. Comp. Stat.505/1, *et seq.*]

160.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

161.    Plaintiff and other class members are persons within the meaning of the CFDBPA.  Defendant engaged in business, trade or commerce within the meaning of the CFDBPA.

162.    The CFDBTPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

163.    As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

164.    Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

---

165.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

166.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

167.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

168.   Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having

used their money for this purpose.

169.    Defendant willfully, purposely, knowingly, and/or intentionally violated the CFDBPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

170.    The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

171.    Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN

UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra.*

172.   Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

173.   Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XVII.

## TWELFTH CAUSE OF ACTION

### (Violation of Kansas Consumer Protection Act ["KCPA"])
### [Kan. Stat. Ann. §50-623, *et seq.*]

174.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

175.   Plaintiff and other class members are persons within the meaning of the KCPA.  Defendant engaged in business, trade or commerce within the meaning of the KCPA.

176.   The KCPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

177.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

178.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the

*Daniel Subkoff, et al. v. The Western Union Company, et al.*

customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

179.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

180.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

181.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer

service.

182.   Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

183.   Defendant willfully, purposely, knowingly, and/or intentionally violated the KCPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

184.   The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

185.   Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by

WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra.*

186.   Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

187.   Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## VXIII.

## THIRTEENTH CAUSE OF ACTION

### (Violation of Maine Unfair Trade Practices Act ["MUTPA"]) [Me. St. Tit. 5, §205-A, *et seq.*]

188.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

189.   Plaintiff and other class members are persons within the meaning of the MUTPA.  Defendant engaged in business, trade or commerce within the meaning of the MUTPA.

190.   The MUTPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

191.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

192.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

193.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

194.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION

would keep for itself.

195.    If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

196.    Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

197.    Defendant willfully, purposely, knowingly, and/or intentionally violated the MUTPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

198.    The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

199.    Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights

of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.   Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra.*

200.   Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

201.   Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XIX.

## FOURTEENTH CAUSE OF ACTION

### (Violation of Maryland Consumer Protection Act ["MCPA"]) [Md. Code Ann., Com. Law §13-101, *et seq.*]

202.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

203.   Plaintiff and other class members are persons within the meaning of the MCPA.  Defendant engaged in business, trade or commerce within the meaning of the MCPA.

204.   The MCPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

205.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

206.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

207.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

208. WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

209. If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

210. Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

211. Defendant willfully, purposely, knowingly, and/or intentionally violated the MCPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

212.   The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

213.   Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra.*

214.   Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

---

215.   Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XX.

## FIFTEENTH CAUSE OF ACTION

**(Violation of Michigan Consumer Protection Act ("MICPA"))**
**[Michigan Compiled Laws §455.903, *et seq.*]**

216.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

217.   Plaintiff and other class members are persons within the meaning of the MICPA.  Defendant engaged in business, trade or commerce within the meaning of the MICPA.

218.   The MICPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

219.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

220.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned

interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

221.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

222.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

223.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

224.   Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in

that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

225.    Defendant willfully, purposely, knowingly, and/or intentionally violated the MICPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

226.    The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

227.    Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal

Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra.*

228.    Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

229.    Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XXI.

## SIXTEENTH CAUSE OF ACTION

### (Violation of Minnesota Prevention of Consumer Fraud Act ["MPCFA"]) [Minn. Stat.§325F.68, *et seq.*]

230.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

231.    Plaintiff and other class members are persons within the meaning of the MPCFA.  Defendant engaged in business, trade or commerce within the meaning of the MPCFA.

232.    The MPCFA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

233.    As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

234.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

235.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

236.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

237.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would

have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

238.   Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

239.   Defendant willfully, purposely, knowingly, and/or intentionally violated the MPCFA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

240.   The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

241.   Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct

and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute. Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged. See, fn. 1, *supra*.

242. Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

243. Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XXII.

## SEVENTEENTH CAUSE OF ACTION

### (Violation of Missouri Merchandising Practices Act ["MMPA"]) [Mo. Stat. §407.010, *et seq.*]

244. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

245. Plaintiff and other class members are persons within the meaning of the MMPA. Defendant engaged in business, trade or commerce within the meaning of the MMPA.

---

246.   The MMPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

247.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

248.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

249.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

250.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN

UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

251.    If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

252.    Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

253.    Defendant willfully, purposely, knowingly, and/or intentionally violated the MMPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

254.    The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

---

255. Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute. Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged. See, fn. 1, *supra.*

256. Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

257. Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XXIII.

## EIGHTEENTHCAUSE OF ACTION

### (Violation of Montana Unfair Trade Practices and Consumer Protection Act ["MUTPCPA"]) [Mont. Stat.§30-14-101, *et seq.*]

258.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

259.   Plaintiff and other class members are persons within the meaning of the MUTPCPA.  Defendant engaged in business, trade or commerce within the meaning of the MUTPCPA.

260.   The MUTPCPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

261.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

262.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

---

*Daniel Subkoff, et al. v. The Western Union Company, et al.*
COMPLAINT                                             65

263.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

264.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

265.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

266.   Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having

used their money for this purpose.

267.   Defendant willfully, purposely, knowingly, and/or intentionally violated the MUTPCPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

268.   The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

269.   Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN

UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra.*

270.   Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

271.   Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XXIV.

### NINETEENTH CAUSE OF ACTION

### (Violation of Nebraska Consumer Protection Act ["NCPA"]) [Neb. Rev. Stat.§59-1601, *et seq.*]

272.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

273.   Plaintiff and other class members are persons within the meaning of the NCPA.  Defendant engaged in business, trade or commerce within the meaning of the NCPA.

274.   The NCPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

275.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

276.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the

customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

277.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

278.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

279.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer

service.

280.    Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

281.    Defendant willfully, purposely, knowingly, and/or intentionally violated the NCPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

282.    The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

283.    Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by

WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra.*

284.   Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

285.   Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XXV.

## TWENTIETH CAUSE OF ACTION

### (Violation of Nevada Deceptive Trade Practices Act ["NDTPA"]) [Nev. Rev. Stat.§598.0903, *et seq.*]

286.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

287.   Plaintiff and other class members are persons within the meaning of the NDTPA.  Defendant engaged in business, trade or commerce within the meaning of the NDTPA.

288.   The NDTPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

289.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

290.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

291.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

292.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION

would keep for itself.

293.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

294.   Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

295.   Defendant willfully, purposely, knowingly, and/or intentionally violated the NDTPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

296.   The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

297.   Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights

of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra.*

298.   Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

299.   Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XXVI.

## TWENTY-FIRST CAUSE OF ACTION

### (Violation of New Hampshire Consumer Protection Act ["NHCPA"]) [N. H. Stat. Ann. §358-A:1, *et seq.*]

300.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

301.    Plaintiff and other class members are persons within the meaning of the NHCPA.  Defendant engaged in business, trade or commerce within the meaning of the NHCPA.

302.    The NHCPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

303.    As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

304.    Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

305.    Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

---

306.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

307.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

308.   Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

309.   Defendant willfully, purposely, knowingly, and/or intentionally violated the NHCPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

310.   The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

311.   Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra.*

312.   Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

---

313.   Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XXVII.

## TWENTY-SECOND CAUSE OF ACTION

**(Violation of New Jersey Unfair Trade Practices Act ["NJUTPA"])**
**[N.J. Stat. Ann. §56:8-1, *et seq.*]**

314.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

315.   Plaintiff and other class members are persons within the meaning of the NJUTPA.  Defendant engaged in business, trade or commerce within the meaning of the NJUTPA.

316.   The NJUTPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

317.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

318.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned

interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

319.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

320.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

321.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

322.   Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in

that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

323.    Defendant willfully, purposely, knowingly, and/or intentionally violated the NJUTPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

324.    The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

325.    Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal

Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra*.

326.   Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

327.   Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XXVIII.

## TWENTY-THIRD CAUSE OF ACTION

### (Violation of New Mexico Unfair Practices Act ["NMUPA"]) [N.M. Stat.§57-12-1, *et seq.*]

328.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

329.   Plaintiff and other class members are persons within the meaning of the NMUPA.  Defendant engaged in business, trade or commerce within the meaning of the NMUPA.

330.   The NMUPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

331.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

332.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

333.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

334.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

335.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would

have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

336.  Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

337.  Defendant willfully, purposely, knowingly, and/or intentionally violated the NMUPA, by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

338.  The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

339.  Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct

and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute. Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged. See, fn. 1, *supra.*

340. Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

341. Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XXIX.

## TWENTY-FOURTH CAUSE OF ACTION

### (Violation of North Carolina Unfair Trade Practices Act ["NCUTPA"]) [N.C. Gen. Stat.§75-1.1, *et seq.*]

342. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

343. Plaintiff and other class members are persons within the meaning of the NCUTPA. Defendant engaged in business, trade or commerce within the meaning of the NCUTPA.

344.   The NCUTPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

345.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

346.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

347.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

348.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN

UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

349.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

350.   Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

351.   Defendant willfully, purposely, knowingly, and/or intentionally violated the NCUTPA by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

352.   The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

---

*Daniel Subkoff, et al. v. The Western Union Company, et al.*
COMPLAINT                                              86

353.   Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra.*

354.   Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

355.   Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

---

## XXX.

## TWENTY-FIFTH CAUSE OF ACTION

## (Violation of North Dakota Unfair Trade Practices Law ["NDUTPL"]) [N.D. Cent. Code. §51-15-01, *et seq.*]

356.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

357.   Plaintiff and other class members are persons within the meaning of the NDUTPL.  Defendant engaged in business, trade or commerce within the meaning of the NDUTPL.

358.   The NDUTPL declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

359.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

360.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members.

---

361.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

362.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

363.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

364.   Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having

used their money for this purpose.

365.   Defendant willfully, purposely, knowingly, and/or intentionally violated the NDUTPL by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

366.   The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

367.   Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN

UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra.*

368.   Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

369.   Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XXXI.

## TWENTY-SIXTH CAUSE OF ACTION

### (Violation of Oklahoma Consumer Protection Act ["OCPA"])
### [Okla. Stat. tit. 15, §751, *et seq.*]

370.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

371.   Plaintiff and other class members are persons within the meaning of the OCPA.  Defendant engaged in business, trade or commerce within the meaning of the OCPA.

372.   The OCPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

373.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

374.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the

customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

375.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

376.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

377.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer

service.

378.   Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

379.   Defendant willfully, purposely, knowingly, and/or intentionally violated the OCPA by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

380.   The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

381.   Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by

WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged. See, fn. 1, *supra.*

382. Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

383. Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XXXII.

## TWENTY-SEVENTH CAUSE OF ACTION

### (Violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCPL") [73 P.S. §201-1 to §201-903, *et seq.*]

384. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

385. Plaintiff and other class members are persons within the meaning of the PUTPCPL. Defendant engaged in business, trade or commerce within the meaning of the PUTPCPL.

386. The PUTPCPL declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

387.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

388.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

389.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

390.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION

would keep for itself.

391.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

392.   Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

393.   Defendant willfully, purposely, knowingly, and/or intentionally violated the PUTPCPL by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

394.   The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

395.   Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights

of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute. Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged. See, fn. 1, *supra.*

396. Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

397. Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XXXIII.

## TWENTY-EIGHTH CAUSE OF ACTION

### (Violation of Rhode Island Deceptive Trade Practices Act ["RIDTPA"]) [R.I. Gen. Laws §6-13.1-1, *et seq.*]

398. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

399.   Plaintiff and other class members are persons within the meaning of the RIDTPA.  Defendant engaged in business, trade or commerce within the meaning of the RIDTPA.

400.   The RIDTPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

401.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

402.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

403.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

---

404.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

405.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

406.   Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

407.   Defendant willfully, purposely, knowingly, and/or intentionally violated the RIDTPA by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

408.   The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

409.   Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra.*

410.   Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

---

*Daniel Subkoff, et al. v. The Western Union Company, et al.*
COMPLAINT                                        100

411.   Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XXXIV.

### TWENTY-NINTH CAUSE OF ACTION

**(Violation of South Carolina Unfair Trade Practices Act ["SCUTPA"])**
**[S.C. Code. Ann. §39-5-10, *et seq.*]**

412.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

413.   Plaintiff and other class members are persons within the meaning of the SCUTPA.  Defendant engaged in business, trade or commerce within the meaning of the SCUTPA.

414.   The SCUTPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

415.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

416.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned

interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

417.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

418.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

419.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

420.   Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in

that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

421.    Defendant willfully, purposely, knowingly, and/or intentionally violated the SCUTPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

422.    The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

423.    Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal

Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged. See, fn. 1, *supra*.

424.   Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

425.   Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XXXV.

### THIRTIETH CAUSE OF ACTION

**(Violation of South Dakota Deceptive Trade Practices and and Consumer Protection Act ["SDDTPCPA"])
[S.D. Codified Laws §37-24-1, *et seq.*]**

426.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

427.   Plaintiff and other class members are persons within the meaning of the SDDTPCPA. Defendant engaged in business, trade or commerce within the meaning of the SDDTPCPA.

428.   The SDDTPCPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

429.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

---

430. Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

431. Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

432. WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

433. If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would

have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

434.   Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

435.   Defendant willfully, purposely, knowingly, and/or intentionally violated the SDDTPCPA by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

436.   The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

437.   Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct

and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute. Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged. See, fn. 1, *supra.*

438. Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

439. Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XXXVI.

## THIRTY-FIRST CAUSE OF ACTION

### (Violation of Utah Consumer Sales Practices Act ["UCSPA"])
### [Utah Code Ann. §13-11-1, *et seq.*]

440. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

441. Plaintiff and other class members are persons within the meaning of the UCSPA. Defendant engaged in business, trade or commerce within the meaning of the UCSPA.

442. The UCSPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

443. As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

444. Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

445. Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

446. WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN

UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

447.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

448.   Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

449.   Defendant willfully, purposely, knowingly, and/or intentionally violated the UCSPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

450.   The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

---

451. Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute. Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged. See, fn. 1, *supra.*

452. Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

453. Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

---

*Daniel Subkoff, et al. v. The Western Union Company, et al.*
COMPLAINT                                        110

# XXXVII.

## THIRTY-SECOND CAUSE OF ACTION

### (Violation of Vermont Consumer Protection Act ["VCPA"]) [Vt. Stat. Ann. tit. 9 §2451, *et seq.*]

454.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

455.   Plaintiff and other class members are persons within the meaning of the VCPA. Defendant engaged in business, trade or commerce within the meaning of the VCPA.

456.   The VCPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

457.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

458.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members.

459.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

460.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

461.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

462.   Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having

used their money for this purpose.

463.    Defendant willfully, purposely, knowingly, and/or intentionally violated the VCPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

464.    The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

465.    Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN

UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra.*

466.   Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

467.   Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XXXVIII.

## THIRTY-THIRD CAUSE OF ACTION

### (Violation of Washington Consumer Protection Act ("WCPA")) [Wash. Rev. Code §19.86.010, *et seq.*]

468.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

469.   Plaintiff and other class members are persons within the meaning of the WCPA.  Defendant engaged in business, trade or commerce within the meaning of the WCPA.

470.   The WCPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

471.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

472.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the

customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

473.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

474.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

475.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer

service.

476.   Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

477.   Defendant willfully, purposely, knowingly, and/or intentionally violated the WCPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

478.   The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

479.   Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.   Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by

WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged. See, fn. 1, *supra.*

480.    Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

481.    Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

**XXXIX.**

**THIRTY-FOURTH CAUSE OF ACTION**

**(Violation of West Virginia Consumer Credit and Protection Act ["WVCCPA"])**
**[W. Va. Code §46A-6-101, *et seq.*]**

482.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

483.    Plaintiff and other class members are persons within the meaning of the WVCCPA. Defendant engaged in business, trade or commerce within the meaning of the WVCCPA.

484.    The WVCCPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

485.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

486.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

487.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

488.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION

would keep for itself.

489.    If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

490.    Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

491.    Defendant willfully, purposely, knowingly, and/or intentionally violated the WVCCPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

492.    The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

493.    Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights

of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra.*

494.   Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

495.   Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XL.

## THIRTY-FIFTH CAUSE OF ACTION

### (Violation of Wisconsin Deceptive Trade Practices Act ["WDTPA"]) [Wisc. Stat.§100.18, *et seq.*]

496.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

497.   Plaintiff and other class members are persons within the meaning of the WDTPA.  Defendant engaged in business, trade or commerce within the meaning of the WDTPA.

498.   The WDTPA declares unlawful deceptive and/or fraudulent acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State.

499.   As described herein, WESTERN UNION engaged in consumer-oriented conduct which was directed at the consuming public in that WESTERN UNION accepted deposits of money from customers for the purpose of transferring that money to an identified recipient.

500.   Plaintiff alleges WESTERN UNION engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of trade or commerce under State law by retaining possession of the customers' money after it was not transferred to the intended recipient and WESTERN UNION uses that money for its own financial benefit by earning interest on the money and/or using the customers' money to make investments upon which it received financial gains and benefits without paying to customers any of the earned interest and/or financial gains realized by WESTERN UNION and concealing this business practice from its customers, including Plaintiff and all Class members

501.   Nowhere before or after customers deposit money with WESTERN UNION for the sole purpose of transferring that money to the intended recipient does WESTERN UNION inform, advise, tell, or otherwise let the consumer know that money that is not transferred to the intended recipient will be used by WESTERN UNION for its own financial gain and benefit.

---

502.   WESTERN UNION intended Plaintiffs and the Class members would rely on the concealment of this material fact and this deception by purchasing WESTERN UNION's money transfer services unaware of the material facts including but not limited to that should the money deposited by customers with WESTERN UNION not be transferred to the intended recipient WESTERN UNION would make use of that money for its own financial benefit by earning interest and/or earning returns on investments made using its customers' money which WESTERN UNION would keep for itself.

503.   If WESTERN UNION had disclosed the above facts to Plaintiff and the Class members, or otherwise made Plaintiff and the Class members aware of these material facts, Plaintiff and the Class members could have (and foreseeably would have) prevented economic injury by collecting the money that was not transferred rather than having the money remain in WESTERN UNION's possession, or by negotiating payment of interest in advance, or by going to another money transfer service.

504.   Plaintiff and the other Class members are persons who suffered losses, harms, and/or damages as a result of WESTERN UNION's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in that WESTERN UNION did not pay to them any of the earned interest and/or financial gains realized by WESTERN UNION despite WESTERN UNION having used their money for this purpose.

505.   Defendant willfully, purposely, knowingly, and/or intentionally violated the WDTPA , by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

506.   The losses, harms and/or damages suffered by Plaintiff and the other Class members were directly and proximately cause by the materially misleading acts and/or business practices of WESTERN UNION as more fully alleged herein.

507.   Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.   Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra.*

508.   Plaintiff is entitled to recover attorney fees and costs of suit as provided by applicable statute.

---

509.    Plaintiff, individually and on behalf of all other Class members, seeks a court order enjoining the above-referenced wrongful acts and practices of WESTERN UNION.

## XLI.

## THIRTY-SIXTH CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

510.    Plaintiff repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

511.    On November 18, 2015, Plaintiff entered into a contractual relationship with WESTERN UNION whereby, for a charged and collected fee from Plaintiff, WESTERN UNION was to transfer money which Plaintiff had deposited with WESTERN UNION for the sole purpose of transferring that money to an identified recipient.

512.    The covenant of good faith and fair dealing, implied by law in every contract, exists to prevent one contracting party from unfairly frustrating or interfering with the other party's right to receive the benefits of the agreement actually made.  The covenant of good faith and fair dealing also arises when one party to the contract retains discretionary authority over terms and/or performance of the contract.

513.    WESTERN UNION breached the implied covenant of good faith and fair dealing when it frustrated and/or interfered with Plaintiff and the Class members' rights and benefit of the contract which was for WESTERN UNION to transfer to the identified recipient the Plaintiff and the Class' money by retaining possession of the money and making use of the money by earning interest on the money and/or receiving returns on financial investments WESTERN UNION made using Plaintiff's and the Class members' money.  No term of the contract gave WESTERN UNION

permission or authorization to make use of Plaintiff's and the Class members' money for WESTERN UNION's own financial benefit when WESTERN UNION did not transfer the money to the identified recipient.

514.    WESTERN UNION further breached the implied covenant of good faith and fair dealing when it refused to pay Plaintiff and the Class members the interest and/or financial returns WESTERN UNION received from using the money Plaintiff and the Class members' has deposited with WESTERN UNION for the sole purpose of transferring that money to an intended recipient.

515.    As a direct and proximate result of the above-described breach, Plaintiff and the Class have been damaged.

## XLII.

## THIRTY-SEVENTH CAUSE OF ACTION

### (Breach of Fiduciary Duty)

516.    Plaintiff repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

517.    Plaintiff and the Class entered into a financial business relationship with WESTERN UNION whereby Plaintiff and Class members deposited money with WESTERN UNION for the sole purpose of transferring the money to an identified recipient.   WESTERN UNION was entrusted with Plaintiff's and the Class members's money and therefore owed Plaintiff and the Class members a fiduciary duty.

518.    WESTERN UNION breached its fiduciary duties owed to Plaintiff and the Class members when WESTERN UNION, unbeknownst to Plaintiff and the Class members used their money to earn interest and/or financial returns on investments WESTERN UNION made using Plaintiff's and the Class members' money without

their authorization, consent or permission.

519.   WESTERN UNION further breached its fiduciary duties owed to Plaintiff and the Class members when it did not pay to Plaintiff or the Class members, but rather kept for its own selfish benefit, the interest earned and/or the financial returns realized from WESTERN UNION's use of their money.

520.   WESTERN UNION further breached its fiduciary duties owed to Plaintiff and the Class members when it never told, advised, informed or otherwise made Plaintiff and Class members aware that WESTERN UNION would use their money which had been deposited for the sole purpose of transfer to an identified recipient for its own financial gain and benefit, and compounding its breach of fiduciary duties.

521.   As a proximate result of WESTERN UNION's breach of its fiduciary duties, Plaintiff and the Class members have sustained economic damages in an amount according to proof at trial.

522.   Defendant willfully, purposely, knowingly, and/or intentionally breached its fiduciary duties, by among other things, having been sued in the *Tennille* action as herein alleged (see, fn. 2, *supra*), and which business practice WESTERN UNION continues to present.

523.   Based on the facts alleged Defendants WESTERN UNION and WESTERN UNION FINANCIAL SERVICES and each of their conduct of converting Plaintiff's and the Class members' money was knowing, intentional, purposeful, willful, wanton, callous and done with a conscious disregard for the rights of Plaintiff and the Class members and thus entitle Plaintiff and the Class to imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION FINANCIAL SERVICES in an amount

according to proof but necessary to punish and/or deter similar and future conduct and/or to set an example for others who are engaged in the money transfer business or industry where provided by applicable statute.  Plaintiff alleges the conduct as herein alleged was implemented, authorized, approved, ratified, and/or directed by WESTERN UNION's officers, directors, and/or managing agents including but not limited to Khalid Fellahi, President Consumer Money Transfer, who is responsible for WESTERN UNION's consumer money transfer business globally and/or Devin B. McGranahan, President, Chief Executive Officer, and Director (Principal Executive Officer), Matt Cagwin, Chief Financial Officer, Mark Hinsey, Chief Accounting Officer and Comptroller each of whom signed Defendant WESTERN UNION's Form 10-K for the years 2020, 2021, and 2022, as herein alleged.  See, fn. 1, *supra.*

## XLIII.

## THIRTY-EIGHTH CAUSE OF ACTION

### (Declaratory Relief Pursuant To 28 U.S.C. § 2201)

524.    Plaintiff repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

525.    There is an actual controversy between WESTERN UNION and Plaintiff and the Class members concerning whether WESTERN UNION is entitled to retain interest earned and financial returns on investments which WESTERN UNION made using customers' money that had been deposited for the sole purpose of being transferred to an identified recipient but which money was not transferred.

526.    Plaintiff and the Class members claim the interest earned and financial returns on investments rightfully belong to them given they were realized by WESTERN UNION from its use of Plaintiff's and the Class members' money.

WESTERN UNION on the other hand believes it is entitled to retain the interest and financial returns for itself.

527. Pursuant to 28 U.S.C. § 2201 this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

528. Accordingly, Plaintiff and the Class members seek the following declarations:

      a. Declaration I: that WESTERN UNION be prohibited from retaining possession of interest earned on Plaintiff and the Class members' money held by WESTERN UNION because it was not transferred to the intended recipient;

      b. Declaration II: that WESTERN UNION be prohibited from retaining possession of financial returns on investments earned by WESTERN UNION from using Plaintiff and the Class members' money held by WESTERN UNION because it was not transferred to the intended recipient;

      c. Declaration III: that WESTERN UNION be required to disgorge all interest earned on Plaintiff and the Class members' money held by WESTERN UNION because it was not transferred to the intended recipient;

      d. Declaration IV: that WESTERN UNION be required to disgorge all financial returns on investments earned by WESTERN UNION from using Plaintiff and the Class members' money held by WESTERN UNION because it was not transferred to the intended recipient;

e.      Declaration VI: that where WESTERN UNION is holding untransferred funds it be declared a bailee of such funds and therefore subject to all obligations imposed by Colorado law on bailees;

f.      Declaration VII: that WESTERN UNION be barred from making investments using customers' money;

## XLIV.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class of persons defined herein, prays for an Order providing as follows:

1.      Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the Class defined herein;

2.      Designating Plaintiff as representative of the Class and him undersigned counsel as Class counsel;

3.      Entering judgment in favor of Plaintiff and the Class and against WESTERN UNION;

3.      Granting the relief sought herein and awarding Plaintiff and Class members their individual damages, attorneys' fees and costs, including interest thereon, as allowed by law;

4.      Restitution and/or disgorgement of all ill-gotten monies and/or gains realized by Defendant, plus applicable interest thereon, to Plaintiff and the Class; and Imposition of punitive or exemplary damages against Defendants WESTERN UNION Company and/or WESTERN UNION Financial Services, Inc., in an amount according to proof but necessary to punish and/or deter similar and future conduct

and/or to set an example for others who are engaged in the money transfer business or industry;

5.    For exemplary or punitive damages in an amount according to proof as allowed by applicable statute;

6.    For an award of attorneys' fees and costs of suit in an amount according to proof as allowed by applicable statute;

7.    For costs of suit, and all such further and other relief as the Court deems equitable, just and appropriate.

Dated: February 24, 2024            By:

*/s/ Robert Radulescu*
Robert Radulescu
ROMANCORE LAW, P.C.
1818 6th Ave, Suite #203
San Diego, California, 92101
Telephone: (619) 766-2626
Email:
robert@romancorelaw.com

Robert A. Waller, Jr.
Law Office of Robert A. Waller, Jr.
P.O. Box 999
Cardiff-by-the-Sea, California 92007
Telephone: (760) 753-3118
Facsimile: (760) 753-3206
Email:
robert@robertwallerlaw.com

Attorneys for Plaintiff Daniel Subkoff
and all others similarly situated

## XLV.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.


Dated: February 24, 2024                              By:

                                                      */s/ Robert Radulescu*
                                                      Robert Radulescu
                                                      ROMANCORE LAW, P.C.
                                                      1818 6th Ave, Suite #203
                                                      San Diego, California, 92101
                                                      Telephone: (619) 766-2626
                                                      Email: robert@romancorelaw.com

                                                      Robert A. Waller, Jr.
                                                      Law Office of Robert A. Waller, Jr.
                                                      P.O. Box 999
                                                      Cardiff-by-the-Sea, California 92007
                                                      Telephone: (760) 753-3118
                                                      Facsimile: (760) 753-3206
                                                      Email: robert@robertwallerlaw.com

                                                      Attorneys for Plaintiff Daniel Subkoff
                                                      and all other Class members similarly
                                                      situated